STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-12-014
JON - YOR - 1/7/2013

GLORIA H. BREWSTER,        )
MICHAEL GUPTILL, and       )
REBECCA MILLER             )
                           )
        Plaintiff,         )
                           )
    v.                     )        ORDER
                           )
WELLS BEACH HOSE COMPANY   )
        Defendants,        )
    And                    )
STEPHEN GUPTILL,           )
ELIZABETH GLIDDEN and      )
MARTHA GALLAGHER           )
                           )
    Parties In Interest.   )

I.     Background

Plaintiffs' claim a reversionary interest in the property located at 331

Webhannet Drive, Wells, Maine (the "Property"). In 1942, Frank and Walter Hatch

conveyed the Property to the Town of Wells with the reversionary interest that

follows:

> "This conveyance is made by the Grantors and accepted by the Grantees, by its duly authorized agents, under the expressed conditions that the above described premises are to be used as and for the construction of a building for the housing of fire apparatus and equipment of all kinds and for the general use and benefit of the Firemen and all things incidental to the use of such building as a Fire Station and in fact any and all things pertaining to Municipal use but said premises shall never be used exclusively for private gain or business.
>
> "... If the above described premises are conveyed according to the following expressed conditions, to wit: If the above described premises ceases to be used for a Fire Station then and in that event the premises shall revert to the Grantors or their heirs upon the payment to the Grantees of the sum of eight-hundred ($800.00) dollars within ninety days after receiving actual notice from the Grantees that said premises shall cease to be used as a Fire Station.

1

If the Grantors or their heirs elect to pay said sum of eight hundred ($800.00) within the time specified then the Grantees will furnish the Grantors or their heirs a Quit-Claim deed of the premises. If, however, the Grantors or their heirs fail to pay the sum of eight hundred ($800.00) dollars within the time specified then the Grantees will be under no further obligation and the premises will remain in the Grantees in fee simple without any restrictions or further obligations."

At his death, Walter Hatch devised any remaining interest he had in the Property to his brother, Frank Hatch. Frank Hatch left his interest in the Property to his wife, Elsie Hatch at his death in 1973. On October 24, 1990, Elsie Hatch signed a Quitclaim Deed to the Wells Beach Hose Company, reserving her reversionary interest:

"Reserving to the Elsie I. Hatch, her heirs, successors and assigns, a reversionary interest in said premises in the event the Wells Beach Hose Company ceases, for a period of six months, from making such uses of said premises as it ordinarily and customarily has done in the past. Intending by this provision to restrict the future use of the premises to the past uses of the premises, by the Grantee, and on failure of such contingency, continuing for a period of six months, then the Grantee's interest in the premises, hereby conveyed, shall automatically revert to said Grantor, her heirs, successors or assigns.

"Intending by this instrument to convey the Grantor's interest in the reversionary rights reserved in Frank D. Hatch and Walter E. Hatch by their said deed above-cited, and to create a new reversionary interest on the occurrence of the contingency, above set forth."

The Town of Wells conveyed its interest in the Property to the Wells Beach Hose Company by deed dated February 5, 1991. At that time the Property was not being used as an active fire station, nor did it have "any other utility benefiting the public". In 1996, Elsie Hatch died, leaving Plaintiffs and Parties in Interest as her surviving heirs, entitled to inherit her reversionary interests in the Property.

2

In 2007, the Wells Beach Hose Company offered to purchase Plaintiff's interest in the Property for $300,000, upon sale of the property. Plaintiffs executed a Deed and Promissory Note stating that if the Wells Beach Hose Company did not pay Plaintiffs the $300,000, the Plaintiffs would continue to hold the reversionary interest. In 2008 and 2009 there was dispute as to a small "gore" of land adjacent to the Property.

On January 5, 2011, the attorney for the Town of Wells sent a letter to the tax assessor removing the tax exemption held by the Wells Beach Hose Company on the Property. The Town determined that Plaintiff Gloria Brewster should be taxed as the owner of the reversionary interest and notified Plaintiff Gloria Brewster by letter. On September 12, 2011, Plaintiffs sent a letter to Wells Beach Hose Company, which stated their intention to claim their reversionary interest along with a check for $800. In October 2011, Plaintiffs filed an action of Forcible Entry and Detainer in District Court followed by a complaint in this Court for Declaratory Judgment, Trespass, Unjust Enrichment and Tortuous Interference. Plaintiffs now seek Summary Judgment.

II.     Standard of Review

Summary Judgment is appropriate where the parties' statements of material facts and the cited record evidence, when viewed in the light most favorable to the non-moving party, reveal no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.,* 989 A. 2d 733, 738 (Me. 2010); *Dyer v. Department of Transportation,* 951 A.2d 821, 825 (Me. 2008).

3

III.    Discussion

In determining whether Summary Judgment on Plaintiffs' action for Declaratory Judgment is appropriate, the Court must interpret the 1942 and 1990 deeds. "The cardinal rule for interpretation of deeds is the intention of the parties as expressed in the instrument." *First Hartford Corp. v. Kennebec Water Dist.*, 490 A.2d 1209, 1211 (Me. 1985); *Cushing v. State*, 434 A.2d 486, 494 (Me. 1981). The legal issues are whether Plaintiffs' interest in the Property vested and whether they properly complied with the terms set out in the 1942 and 1990 deeds for claiming their reversionary interest.

Defendant contends that Plaintiffs' reversionary interest has not vested because the Property is being used in the same manner as it has been used for the past twenty-two years in compliance with the reversionary interest clause of the 1990 Quitclaim Deed. Furthermore, Defendant contends that if there is any change from how the Property was used prior to 22 years ago, Plaintiffs' are now equitably estopped from asserting their claim to a reversionary interest.

Plaintiffs' assert that the Property was used in compliance with the terms of the 1942 Deed until the Property was sold on February 5, 1991 to Wells Beach Hose Co., and moreover, that Plaintiffs' did not have actual notice of the change in use until receipt of the letter sent by the Town attorney on January 5, 2011, at which time they asserted their reversionary interest according to the requirements listed in the 1942 Deed.

4

The Court finds that Plaintiffs' interest in the Property vested at the time that they received notice from the town that the Property was no longer being used for municipal purposes of any kind and that Plaintiffs were liable for property taxes on the Property. The Property was granted to the Town on the condition that it be used for a fire station. In 1990, when the Property was granted to the Wells Beach Hose Company, the conditions were preserved in the 1990 Quitclaim Deed. The Property is no longer used for a fire station or for any other municipal purpose. The Plaintiffs' interest in the Property vested at the time Plaintiffs received actual notice that the property was no longer being used as a fire station, at the time of receipt of the letter from the Town telling Plaintiffs that they were responsible for taxes on the Property.

Additionally, the Court finds that Plaintiffs did comply with the terms set out in the 1942 Deed and preserved by the 1990 Deed for claiming the reversionary interests to the Property. Plaintiffs did contact Defendants, the holders of the property, within ninety-days of receiving actual notice of the change in use. Plaintiffs included a check for eight hundred dollars ($800), as was required by the 1942 deed. Therefore, Plaintiffs properly complied with terms of claiming reversionary interest.

Defendant's equitable estoppel argument does not raise any questions of material fact. Defendant did not plead, nor does the Court find, either reasonable or detrimental reliance. *See, T. v. Comm'r of the HHS,* 2012 ME 13, ¶9, 36 A.3d 888.

For these reasons, Plaintiffs are entitled to Judgment as a matter of law.

5

IV.     Conclusion

Plaintiffs' Motion for Summary Judgment is Granted.


Dated: January 7, 2013

_____
John O'Neil, Jr.
Justice, Superior Court

ATTORNEY FOR PLAINTIFFS':
ALAN E. SHEPARD, ESQ.
SHEPARD & READ
93 MAIN STREET
KENNEBUNK, ME 04043

ATTORNEY FOR DEFENDANT:
NICHOLAS STRATER, ESQ.
PO BOX 69
YORK, ME 03909

PARTIES-IN-INTEREST:
STEPHEN GUPTILL, *PRO SE*

ELIZABETH GLIDDEN, *PRO SE*
37 ESTES HILL ROAD
NORTH BERWICK, ME 03906

MARTHA GALLAGHER, *PRO SE*
186 RANDALL ROAD
NORTH BERWICK, ME 03906